IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

DIGITAL SIN, INC.,
Plaintiff,

v.

DOES 1-131,
Defendants.

Case No. 1:11-cv-00281-RH-GRJ

**MOTION TO DISMISS COMPLAINT, MOTION TO QUASH NON-PARTY SUBPOENA, MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW**

COMES NOW DOE 109[1] by and through the undersigned and moves the court for relief as set forth herein:

**I.      Motion to Dismiss Complaint for Improper Joinder**

Defendant hereby moves to dismiss *Plaintiff's Complaint for Copyright Infringement* (hereinafter the "Complaint") for improper joinder under Rule 20(a) of the Federal Rules of Civil Procedure. In the instant matter, Plaintiff has impermissibly attempted to join 131 "Doe" defendants in a single action for copyright infringement and contributory infringement under 17 U.S.C. §§101, *et seq*. Specifically, Plaintiff alleges that at various times, and at various locations, each of the 131 "Doe" defendants, identified solely by their Internet Protocol ("IP") address, impermissibly reproduced and distributed the copyrighted Motion Picture "My Little Panties #2" (the "Motion Picture"). Plaintiff alleges that the Defendants "have been properly joined …

---

[1] This Defendant has been informed of the instant suit and subpoena for discovery of his identity by internet service provider Verizon. However, this Defendant denies that the Internet Protocol ("IP") address indicated in Exhibit A to the Complaint belongs to him, and further denies that he misappropriated the copyrighted matter that is the subject of this Complaint. Accordingly, Defendant's appearance as "Doe 109" is a result of the notice provided by Verizon, and not an admission that Defendant is, in fact, the subscriber with the IP address identified as Doe 109.

because Plaintiff alleges that all Defendants have traded (uploaded and downloaded) the exact same file of the copyrighted works in related transactions" through sharing software. (Complaint at ¶ 5). However, Plaintiffs' allegation that the 131 "Doe" defendants all downloaded the same copyrighted file using sharing software is insufficient to support joinder in this action. *See Digital Sin, Inc. v. Does 1-5698*, 2011 WL 5362068 (N.D. Cal. Nov. 4, 2011) (citations omitted) (Allegation that "Doe" defendants all downloaded the same copyrighted files using sharing software was insufficient to support joinder in an identical action filed by Plaintiff concerning the same Motion Picture).

Under Rule 20(a), permissive joinder of defendants is appropriate where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Rule 20(a)(2), Fed.R.Civ.P. Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by the severance." *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); Rule 21, Fed.R.Civ.P. Courts may consider various factors to determine whether joinder "comport[s] with the fundamental principles of fairness," including the possibility of prejudice to the parties and the motives of the party seeking joinder. *See* Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980).

In the instant matter, Plaintiff's Complaint fails to demonstrate that joinder of 131 separate "Doe" defendants is appropriate. Plaintiff asserts that the Doe defendants are properly joined since the "Doe" defendants downloaded and shared the same file (i.e., were a part of the same "swarm") and the nature of the technology allegedly utilized by the 131 "Doe" defendants requires concerted action with regard to each "swarm". (Complaint at ¶¶ 9, 10, 11, and 13).

However, without more, permissive joinder in the instant action is inappropriate. The allegation that the same copyrighted work was misappropriated by hundreds of individuals on separate dates, at separate times, and in separate locations over a period of months does not warrant joinder of the 131 "Doe" defendants in this action. The claims against the 131 separate "Doe" defendants in this matter clearly do not involve the same "transaction or occurrence" required for joinder under Rule 20. Each incident of misappropriation is in itself a separate "transaction or occurrence" involving separate defendants, and occurring at separate times, dates and locations.

Perhaps more importantly, joinder fails to promote trial convenience and expedition of the ultimate determination of the substantive issues in this case. Though the 131 separate "Doe" defendants may have engaged in similar alleged behavior, they are likely to present different defenses. *See BMG Music v. Does 1 – 203*, 2004 WL 953888 at *1 (E.D. Pa. Apr. 2, 2004). As once court noted, "[S]ubscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 131 could be thieves, just as Plaintiffs believe." Id. The defenses of the 131 separate "Doe" defendants are likely to be very different, and therefore the issues involved in the claim against each "Doe" defendant could be very different from the next. Additionally, joinder would also be inappropriate because of the case management issues involved in a matter involving so may defendants. *See On The Cheap, LLC v. Does 1- 5011*, 2011 WL 4018258 at *2 (N.D. Ca.).

Of important note, the Plaintiff in the instant matter was denied joinder in its nearly identical copyright infringement action (involving the same Motion Picture) currently pending in the Northern District of California. *See Digital Sin, Inc. v. Does 1 – 5698*, 2011 WL 5362068 (N.D.Ca. Nov. 4, 2011). In that action, Plaintiff unsuccessfully sought to join 5698 "Doe"

defendants in the same case. The district court dismissed the action as to Does 2 through 5698, stating that joinder was inappropriate for the same reasons set forth *supra*. Id. at *3-4. The district court also noted the vast numbers of courts that have found misjoinder in similar copyright infringement actions. Id. at *3.[2] In those cases, the courts found that the allegation that defendants downloaded the same copyrighted files, using the same sharing software at issue in this matter, insufficient for purposes of allowing joinder. Id.

Accordingly, Plaintiff's Complaint should be dismissed as to Doe 109 as a result of this defendant's improper joinder in the instant action.

## II.     Motion to Dismiss Complaint for Lack of Personal Jurisdiction

Plaintiff alleges at 2 of the Complaint "Plaintiff has used its best efforts to ensure that all Defendants identified reside or can be found in the geographic area of this Court." However, a simple IP lookup of the 131 listed IP addresses indicates that exactly **twelve** of them are in the Northern District of Florida.  108 of the 131 IP addresses are listed in the Middle District of Florida, two are the Southern District of Florida, and another nine appear to be outside the state of Florida.

The much more plausible explanation for this venue choice by the Plaintiff is that it is the only federal jurisdiction in Florida where Plaintiff's counsel, Mr. Hashmi, is able to practice.  He

---

[2] *See, e.g., Diabolic Video Prods. v. Does 1–2099,* No. C 10–5865 PSG, 2011 U.S. Dist. LEXIS 58351, at *9, 2011 WL 3100404 (N.D.Cal. May 31, 2011); *Pac. Century Int'l, Ltd. v. Does 1–101,* No. C 11–02533 DMR, 2011 U.S. Dist. LEXIS 73837, at *7–*14, 2011 WL 2690142 (N.D.Cal. Jul. 8, 2011) (collecting cases); *IO Group, Inc. v. Does 1–435,* No. C 10–4382 SI, 2011 WL 445043, at *3–*6 (N.D.Cal. Feb.3, 2011) (collecting cases). Those courts have found allegations that BitTorrent users downloaded the same copyrighted files insufficient to support joinder. *See, e.g., Pac. Century Int'l,* 2011 U.S. Dist. LEXIS 73837 at *12–*13, 2011 WL 2690142. In contrast, other courts have found joinder appropriate at this stage in the litigation. *See, e.g., Call of the Wild Movie, LLC v. Does 1–1, 062,* 770 F.Supp.2d 332, 342–43 (D.D.C.2011); *Donkeyball Movie, LLC v. Does 1–171,* Civil Action No. 10–1520(BAH), 2011 WL 1807452, at *4–*5 (D.D.C. May 12, 2011); *West Coast Prod., Inc. v. Does 1–5829,* Civil Action No. 11–57(CKK), 275 F.R.D. 9, 2011 WL 2292239, at *5–*6 (D.D.C. Jun.10, 2011).

is not a member of the Florida Bar.[3]  He is only admitted to the bar of the State of Ohio.[4]  Only on the strength of his membership in the Ohio bar is he eligible to practice in the Northern District of Florida.[5]  Mr. Hamshi's "office" - Transnational Law Group, LLC - was registered with the State of Florida as a limited liability company in Miami Beach on March 9, 2009, and is listed as the formal office address with the Ohio Bar.

Curiously, Mr. Hashmi has been associated with other LLC's in the State of Florida, listing Miami area addresses, including: "Immigration Law Group, LLC" from 2003-2008; "Hashmi & Hermanni LLC" from 2005-2006; "Buckingham Financial Group LLC" from 2008-2009; "Legal Media Group, Inc." from 2007-2008; "International Law Group PLLC" from 2000-2001; and "International Law Group, Inc." from 2001-2003.

Mr. Hamshi's recent filings in this district have spiked: he has filed 27 copyright complaints since November 3, 2011, all of which are nearly identical to the instant action, all for pornography publisher clients.  The total number of "Does" designed by Mr. Hashmi's complaints total 3,547.

All of these cases are presently pending before Judge Hinkle, and follow the same playbook.  First, file a complaint with a large number of individuals designated as Does.  Second, obtain jurisdictional discovery by filing ex parte.  Third, obtain contact information from the ISPs through non-party subpoenas, despite a handful of Does filing motions to quash.  Fourth, demand settlements from each of the individuals.  This is an insidious business model which is predicated on an abuse of the federal courts, especially given the fact that not a single individual defendant has been named or served in any of the 27 cases listed, but many have settled.

---

[3] Verified via www.floridabar.org (February 13, 2012).
[4] Verified via http://www.sconet.state.oh.us/ (February 13, 2012)
[5] See L. R. 11.1(a).

### III. Motion to Quash Non Party Subpoena

Pursuant to the *Order Granting Plaintiff's Motion for Leave to Take Discovery Prior to Ruel 26(f) Conference* [Doc. 6], entered on January 10, 2012, Plaintiff issued a non-party subpoena to Doe 109's internet service provider, Verizon, seeking the production of documents demonstrating Doe 109's identity, address and other personal information. However, since the Order allowing the subpoena was obtained through bad faith, Doe 109 requests an order quashing the subpoena (attached at Exhibit A hereto), and instructing Verizon from providing the information sought.

In its *Motion for Leave to Take Discovery Prior to Rule 26(f) Conference* [Doc. 5] and supporting memorandum of law, Plaintiff relies heavily upon the Declaration of Jon Nicolini to establish that the identity of the alleged the ISP subscribers for whom information has been sought (i.e., the "Doe" defendants) through their Internet Protocol ("IP") addresses. However, the vast majority of the alleged infringement in this case is not tied to the geographic location of this district, (108 of 131 Does outside the Northern District of Florida) thereby negating the assertions regarding his alleged exercise of due diligence concerning his identification of the geographic location of subscribers named as "Doe" defendants based on their IP addresses.

It appears from the face of the "verified" Complaint and the attached exhibits, as well as the *Motion for Leave to Take Discovery Prior to Rule 26(f) Conference*, that the Plaintiff has misled the Court concerning its alleged efforts to identify and geographically locate the named "Doe" defendants, since such efforts could not have transpired as alleged. As Plaintiff has not been candid and forthright in seeking the information that is the subject of the non-party subpoena to Doe 109's internet service provider, Plaintiff's subpoena should be quashed by this Court.

**IV.     Motion for Protective Order**

To the extent the Court permits the dissemination of Doe 109's identity to Plaintiff pursuant to the non-party subpoena issued to Verizon, Doe 109 respectfully requests that the Court enter a protective order pursuant to Rule 26(c), requiring Plaintiff to not publicly disclose the identity or address of this defendant until he has the opportunity to file a motion with the Court to be allowed to proceed in this litigation anonymously, and that motion is ruled upon by the Court.

In its *Motion for Leave to Take Discovery Prior to Rule 26(f) Conference* [Doc. 5] and supporting memorandum, Plaintiff failed to inform this Court of the decision in the its previously filed companion case pending in the Northern District of California (*Digital Sin, Inc. v. Does 1 – 5698*, 2011 WL 5362068 (N.D.Ca. Nov. 4, 2011)), in which the Court entered a protective order requiring any information obtained from non-party subpoenas identifying "Doe" defendants to be kept confidential. In support of its ruling, the district court noted that a protective order was warranted because "the ISP subscribers may be innocent third parties, the subject matter of the suit deals with sensitive and personal matters, and the jurisdictional and procedural complications might otherwise dissuade innocent parties form contesting the allegations." Id. at *4. All of those concerns are present in the instant matter.

In this case, the ISP subscribers for whom information has been sought (i.e., the "Doe" defendants) may not be the individuals who infringed upon Plaintiff's copyright. The privacy interest of innocent third parties weighs heavily against the public's interest in access to court documents. *Digital Sin, Inc.*, 2011 WL 5362068 at *4 (citing *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990). Additionally, requests for psuedonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature.

Id. (citing *Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality. Id.

Accordingly, to the extent the Court permits the dissemination of Doe 109's identity to Plaintiff pursuant to the non-party subpoena issued to Comcast Cable, Doe 109 respectfully requests that the Court enter a protective order pursuant to Rule 26(c), requiring Plaintiff to not disclose the identity or address of this defendant because of the highly-sensitive and personal nature of the issues involved in the instant matter.

V.      Conclusion

Tallahassee has no basis being the locale for a cottage industry of pornography copyright lawsuits.  No basis in law or fact exists to support such a radical abuse of the federal courts.  For the reasons stated, pursuant to the applicable Federal Rules of Civil Procedure, this court should grant the relief requested.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

The undersigned hereby certifies that it has attempted to confer with counsel for plaintiff concerning the issues raised in the instant motion, but has been unsuccessful in reaching plaintiff's counsel as of the time of filing the instant motion. The undersigned will continue its attempts to confer with plaintiff's counsel, and will supplement this certificate with the outcome of said conference.

DATED: February 13, 2012

      /s/ Bradford A. Patrick_____
Bradford A. Patrick, Esq.
LAW OFFICE OF BRADFORD A. PATRICK, PA
Florida Bar No.: 0529850
3001 North Rocky Point Drive East, Ste 200
Tampa, FL 33607

Telephone: (813) 384-8548
Facsimile: (813) 333-7321
bap@baplegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2012, a true and correct copy of the foregoing was served on all counsel or parties of record on the attached service list by the means set forth on the Service List.

/s/ Bradford A. Patrick
Bradford A. Patrick, Esq.

## SERVICE LIST

Terik Hashmi
Transnational Law Group LLC
429 Lenox Avenue, Suite 5C13
Miami Beach, FL 33139
(888) 731-8955
terik.hashmi.esq@transnationallawgroup.com
Counsel for Plaintiff


Copy supplied to:

Verizon Legal Compliance
Custodian of Records
PO Box 1001
San Angelo, Texas  76902
Fax:  325-949-6916